UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMRITPAL SINGH,<br>Petitioner,<br>v.<br>MARK BOWEN, et al.<br>Respondents. | Case No. 5:26-cv-00823 ADS<br><br>ORDER GRANTING PETITION IN PART |

## I. INTRODUCTION

Petitioner Amritpal Singh filed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention, among other relief. (Dkt. No. 8.) Respondents filed a Response to the Amended Petition. (Dkt. No. 11.) For the reasons discussed below, the Petition is granted in part.

## II. FACTUAL BACKGROUND

According to the Amended Petition, Petitioner entered the United States on April 22, 2024. (Dkt. No. 8 ¶ 24.) Petitioner alleges he was subsequently processed by immigration authorities and released on recognizance ("OREC"). (Id.) This is corroborated by the Notice to Appear, which was signed by an immigration officer on April 23, 2024. (Dkt. No. 8-1.) The Notice to Appear indicates that Petitioner was encountered at the border on April 22, 2024 and required to report to immigration court in Santa Ana, California on September 27, 2024. (Dkt. No. 8-1.) Petitioner was later detained by immigration authorities on February 4, 2026 when appearing at a regular check-in with immigration authorities. (Dkt. No. 8 ¶ 26.) Petitioner is currently pursuing a pending application for asylum, withholding, and protection under the Convention Against Torture. (Id. ¶ 18.) Petitioner did not miss any scheduled hearings during his release on OREC. (Id. ¶ 25.) Petitioner also has no criminal history. (Id. ¶ 27.) Petitioner has not requested a bond hearing and also has not yet received a bond hearing. (Id. ¶¶ 20-21.)

## III. SUMMARY OF PETITION AND RESPONSE

Petitioner seeks habeas relief from immigration detention. Specifically, Petitioner alleges the following grounds for relief: (1) a due process violation because of prolonged detention; (2) mandatory detention violates the Immigration and Nationality Act; and (3) an entitlement to a bond hearing as a Bautista class member. (Dkt. No. 8 ¶¶ 61-69.) Petitioner requests immediate release from custody or, in the alternative, a bond hearing at which the government bears the burden of proof by clear and convincing evidence. (Id. at 16-17.) Petitioner also requests declaratory relief. (Id. at 17.)

Respondents filed a Response, contending that Petitioner is a Bautista class member and therefore entitled to a bond hearing. (Dkt. No. 11 at 2.) Respondents argue that release from immigration detention is not the appropriate remedy. (Id.) Respondents did not specifically contest any of Petitioner's factual allegations, except those implied in taking the position that Petitioner is a Bautista class member.

## IV. DISCUSSION

### A. Violation of Petitioner's Procedural Due Process Rights

Petitioner alleges a violation of the due process clause. The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001); Reno v. Flores, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in [removal] proceedings."); Trump v. J.G.G., 604 U.S. 670, 673 (2025) (same). There is no question that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." Demore v. Kim, 538 U.S. 510, 523 (2003). But due process "requires some kind of a hearing before the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990). In the expedited removal context, a noncitizen has the "fundamental due process right[]" to receive "notice of the charge" they face and an "opportunity to respond to that charge." United States v. Raya-Vaca, 771 F.3d 1195, 1204 (9th Cir. 2014), abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." United States v. Rivera-Valdes, 157 F.4th 978, 991 (9th Cir. 2025), cert.

denied, No. 25-972, 2026 WL 1513330 (U.S. June 1, 2026) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

To determine the procedures to which Petitioner is entitled, the Court applies the three-part balancing test established in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). See Yagman v. Garcetti, 852 F.3d 859, 864 (9th Cir. 2017) (citation omitted); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"). Under the Mathews test, courts weigh "(1) the nature of the private interest at stake; (2) the risk of erroneous deprivation and probable value of procedural safeguards; and (3) the government's interests." Vatadi v. Bowen, No. 5:26-cv-00098 MRA (SSC), 2026 WL 712595, at *3 (C.D. Cal. Feb 12, 2026), modified, 2026 WL 530750 (C.D. Cal. Feb. 20, 2026) (citing Mathews, 424 U.S. at 319).

First, Petitioner has a private interest in remaining out of immigration custody. Even assuming Petitioner is a noncitizen residing within the United States, Petitioner is entitled to constitutional due process. See Zadvydas, 533 U.S. at 693. Petitioner was released on OREC in 2024, and even though conditional, Petitioner's release gave rise to a protected liberty interest. See, e.g., Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004) (finding release on supervision gave rise to "the most elemental of liberty interests – the interest in being free from physical detention by one's own government"); Morrissey, 408 U.S. at 482 (finding a parolee had an interest in his continued liberty); Calderon v. Kaiser, No. 25-cv-06695-AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) ("[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit

promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release.") (quoting Morrissey, 408 U.S. at 482)).

Petitioner's release on OREC thus contained an "implicit promise that parole will be revoked only if he fails to live up to the parole conditions." Morrissey, 408 U.S. at 482. In the years since Petitioner was released on OREC, Petitioner "form[ed] the . . . enduring attachments of normal life." Id. Petitioner alleges he has lived a law-abiding life and complied with the terms of his OREC. (Dkt. No. 8 ¶¶ 25, 27.) The length of Petitioner's release further strengthens Petitioner's private interest in his continued freedom from immigration detention. See Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (finding the Government's actions in conditionally allowing the petitioner to live outside immigration custody for five years created a protected liberty interest). Petitioner establishes a liberty interest in remaining out of immigration custody.

Second, the risk of erroneous deprivation is significant without a hearing. Without a hearing, Respondents could "revoke a release determination at any time without either a hearing before or additional oversight from a neutral adjudicator." Sun v. Santacruz, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025). Therefore, the risk of erroneous deprivation is significant where, as here, no procedural safeguards were employed to determine if Petitioner's re-detention was justified. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) (finding the risk of erroneous deprivation was significant where neither party "had an opportunity to determine whether there is any valid basis for [the petitioner's] detention").

Third, the enforcement of the United States's immigration laws is a legitimate government interest. However, civil immigration detention is "nonpunitive in purpose

and effect" and is permissible only to reduce the risk of flight or danger to the community. Zadvydas, 533 U.S. at 690; see also Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). In releasing Petitioner on OREC, immigration officials necessarily determined Petitioner did not pose a significant flight risk or danger to the community. See Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."), aff'd sub nom., 905 F.3d 1137 (9th Cir. 2018). Respondents do not argue that Petitioner is a flight risk or a danger to the community. See Pinchi, 792 F. Supp. 3d at 1036 (finding no valid governmental interest where the government identified no changed circumstances regarding the petitioner's dangerousness or flight risk). There is no indication in the record that Petitioner missed check-ins. Further, the burden of a hearing is low. Custody hearings in immigration court are "routine" and impose only a "minimal" cost. Singh v. Bowen, No. EDCV 25-03034-CAS-PDx, 2025 WL 3251437, at *7 (C.D. Cal. Nov. 21, 2025) (citation modified) (quoting Singh v. Andrews, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025)). Respondents do not have a countervailing interest in re-detaining Petitioner without a hearing.

Under Mathews, Petitioner should have been afforded notice and a hearing. He was not given notice and a hearing. In sum, based on the record before the Court, Respondents violated Petitioner's procedural due process rights by failing to provide Petitioner with the procedural protections he was due under the Fifth Amendment Due Process Clause.

**B. Remedy**

In light of the above analysis, the only remaining question before the Court is the appropriate remedy. "[H]abeas corpus is, at its core, an equitable remedy." Schlup v. Delo, 513 U.S. 298, 319 (1995). Accordingly, courts have "broad discretion in conditioning a judgment granting habeas relief." Hilton v. Braunskill, 481 U.S. 770, 775 (1987). Petitioner has been detained for over 8 months. (Dkt. No. 8 ¶ 26.) Respondents provide no indication that Petitioner has received a bond hearing and Petitioner states he has not administratively requested a bond hearing. (Dkt. No. 8 ¶¶ 20-21.) Because of the length of Petitioner's detention and the injunction in Rodriguez, Petitioner is entitled to a bond hearing where Respondents have the higher burden of demonstrating, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. See Rodriguez v. Robbins, 715 F.3d 1127, 1131 (9th Cir. 2013) ("Under the preliminary injunction, at the conclusion of each bond hearing, the Immigration Judge ('IJ') shall release each Subclass member on reasonable conditions of supervision, including electronic monitoring if necessary, unless the government shows by clear and convincing evidence that continued detention is justified based on his or her danger to the community or risk of flight." (internal quotation marks omitted)); see also R.D.T.M. v. Wofford, No. 1:25-CV-01141-KES-SKO (HC), 2026 WL 191638, at *1 (E.D. Cal. Jan. 23, 2026) (finding a bond hearing under the clear and convincing standard to be the appropriate remedy when the petitioner was entitled to a hearing before re-detention); see also Pablo Sequen v. Albarran, 806 F. Supp. 3d 1069, 1092 (N.D. Cal. 2025) (justifying the clear and convincing standard in part because "Rodriguez Diaz recognized that even where... statutory protections are available, greater protections may be constitutionally necessary in individual cases where the risk of an erroneous

deprivation of liberty is particularly high") (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1212-13 (9th Cir. 2022)).

## V. CONCLUSION

IT IS THEREFORE ORDERED that:

1) The Petition is granted in part;

2) Petitioner Amritpal Singh (A# 245-991-743) must be provided with an individualized bond hearing before an immigration judge within 7 days of the date of this Order. At the bond hearing, the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public; and

3) Judgment shall be entered accordingly.

Dated: October 9, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge